IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NATIONAL UNION FIRE INSURANCE COMPANY,
OF PITTSBURGH, PA,

      Plaintiff,

      vs.                                                No. CIV-05-132 JC/KBM

ALLSUP ENTERPRISES INC., and ALLSUP'S
CONVENIENCE STORES, INC.

      Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court upon Defendants' Motion to Dismiss, under FED. R. CIV. P. 12(b)(3), (5), and 15(a) filed June 23, 2005 (*Doc.* 9). Defendants move to dismiss this case on the following grounds: 1) Plaintiff's failure to follow correct pleading procedure and 2) that the Court should decline to exercise its jurisdiction in hearing Defendant's motion for declaratory judgment. The Court has reviewed the Motion to Dismiss, the memoranda submitted by the parties, and the relevant authorities. The Court finds the Motion well taken and is granted.

**I.    Background**

This declaratory judgment action arose from a dispute between the parties over the scope of insurance coverage. Plaintiff issued Defendants an Excess Workers' Compensation and Employers' Liability Policy, as well as a Commercial Umbrella, effective from September 15, 2001 to September 15, 2002. Defendants have two pending state court actions filed against them

which the scope of the policies in question may potentially affect.  The first case filed, *Austin*, involved one of Defendants' employees who was shot several times while on the job.[1]  The second case filed, *McConnell*, involved another of Defendants' employees who was abducted, raped and murdered while working the graveyard shift.[2]  Plaintiff's initial federal complaint requested a declaratory action that it had no duty to defend its insured only in the *McConnell* case.  This first action was filed February 7, 2005.  Defendants claim that they never received service of this complaint.  Plaintiff then filed a First Amended Complaint, as is their right, on February 23, 2005.  Defendants claim to have never received service of this Complaint as well.  Defendants did somehow obtain actual knowledge of the original complaint, however, and filed an Entry of Appearance with the Court on March 8, 2005.  Defendants also filed their own request for a declaratory judgment with the Santa Fe County District Court regarding the *McConnell* case on April 25, 2005.  Plaintiff filed a Second Amended Complaint on June 3, 2005, which continued to challenge coverage for *McConnell* and now also included the *Austin* case.  Defendants do not dispute receiving service of the Second Amended Complaint.

## II.     Discussion

### A.     Plaintiff's failure to follow correct pleading procedure

Defendants assert that Plaintiff 1) did not serve Defendants with either the Original or First Amended Complaint and 2) did not receive leave of the Court to file their Second Amended

---

[1] *Donald Mitchell Austin v. Allsup's Convenience Stores Inc. et al.*, County of Taos, Eighth Judicial District Court, CV 2003-106.

[2] *Mary Ann McConnell as personal representative of the Estate of Elizabeth Garcia et al. v. Allsup's Convenience Stores Inc. v. National Union Fire Ins. Co. of Pittsburgh, PA.*, County of Santa Fe, First Judicial District Court, CV 200500045.

Complaint.

### 1.     No Service of Process

Under FED. R. CIV. P. 4(m), if service of the complaint is not made within 120 days the court "shall dismiss the action without prejudice" or "direct that service be effected within a specified time." Here, Defendants did eventually receive service of the Second Amended Complaint. Further, Defendants were on actual notice as to the Original Complaint and the First Amended Complaint, as indicated by their Entry of Appearance with the Court. Plaintiff does not address Defendants' claim that the first two attempted complaints were never served, but does note correctly that the Second Amended Complaint was served within the 120 day deadline of Rule 4(m). Resp. at 3. There was no undue prejudice to Defendants by the alleged lack of service in this case because they did not submit a response or an answer before Plaintiff filed and unarguably served the Second Amended Complaint. The Court's only prescribed remedy in this situation is to allow Plaintiff to re-file and try to re-serve the Original and First Amended Complaints. This would eventually leave the Court in the same position in which it currently rests. Because there was legitimate service of the Second Amended Complaint, at least, the Court deems it appropriate to go forward.

### 2.     Filing Second Amended Complaint Without Leave

Under FED. R. CIV. P. 15(a), the Court is given broad discretion to grant leave to file amended complaints. Here, Plaintiff admits that leave of the Court was not sought to file the Second Amended Complaint. Resp. at 2. Plaintiff apologizes for this transgression, sincerely the Court presumes, and requests that the Complaint not be dismissed. *Id*. In the alternative, Plaintiff asks that the Court at least grant leave to re-file under the liberal guidance of Rule 15(a). *Id*. The

Court is inclined to allow the Second Amended Complaint to remain. Although the combination of an alleged failure to serve the two previous complaints and the failure to ask the Court for leave to amend does present a procedurally aggravating situation, it is not unduly prejudicial or burdensome to Defendants. Nor is it considered so blatant a violation of the Court's goodwill that the Court would exercise its discretion to dismiss the Second Amended Complaint entirely.

In fact, because it is within the Court's discretion to allow this Second Amended Complaint to remain, the Court chooses to allow it. This decision comes primarily from the wish that neither party be subjected to the delay of re-filing, as the Court is ready to rule on the substance of the Second Amended Complaint and its responses at this time.

### B. Declining to hear the motion for declaratory judgment

The Declaratory Judgment Act provides that a federal court "upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added). Federal district courts have discretion to determine "whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995).

The Tenth Circuit relies on the traditional test of satisfying two questions: 1) if a declaration of right would clarify or settle the legal issues in question and 2) if it would terminate or afford relief from uncertainty in the proceeding. *See State Farm Fire & Casualty Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994) (citing E. BORCHARD, DECLARATORY JUDGMENTS 299 (2d ed. 1941)). The Circuit has also approved, however, the consideration of a non-exhaustive list of factors in determining whether to exercise jurisdiction. *Mhoon*, 31 F.3d at 983 (citing

4

*Kunkel v. Continental Cas. Co*, 866 F.2d 1275, n. 4 (10th Cir. 1989)).  These factors, borrowed from the Sixth Circuit case of *Allstate Ins. Co v. Green*, include whether a declaratory action 1) would settle the controversy; 2) would serve a useful purpose in clarifying the legal relations at issue; 3) is being used merely for the purpose of procedural fencing or to provide an arena for a race to res judicata; 4) would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and 5) whether there exists a better or more effective alternative remedy. *Mhoon*, 31 F.3d at 983 (citing *Allstate Ins. Co. v. Green*, 825 F.2d 1061, 1063 (6th Cir. 1987).

  There are several factors in the present case which lead to the decision not to exercise jurisdiction.  One of the primary factors which gives hesitation are the pending state proceedings.  A district court's actions in issuing a judgment could be construed as "gratuitous interference" if it permits a declaratory action in the face of a pending state suit. *Wilton*, 515 U.S. at 283 (citing *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942)).  Plaintiff asks the Court to determine whether the policy in question provides excess workers' compensation coverage or employer liability coverage in either suit.  Second Am. Compl. at 5.  To determine this claim in either the federal or state forum requires the application of New Mexico law.  Looking at the question broadly, contract interpretation is decidedly a state law issue.  As Plaintiff notes, the insurance contract in question was purchased in New Mexico and is to be construed pursuant to the laws of New Mexico. Second Am. Compl. at 2.  But even more specifically, both cases rely on the interpretation of the fairly recent decision of *Delgado v. Phelps Dodge Chino Inc.* 131 N.M. 272 (2001).  This case permits suits in tort directly against employers arising from incidents that might traditionally be considered "accidents," rejecting an "actual intent" test used

previously. *Id*. at 274.  Here, Plaintiff asks the Court to determine whether the incidents occurring in both *McConnell* and *Austin* were "accidents" within the meaning of the insurance policy. Second Am. Compl. at 5-8.  If the Court determined this question it would be deciding one of the main factual issues in both of the state cases.  Federal courts should not exercise their jurisdiction if "the same fact-dependent issues are likely to be decided in another pending proceeding." *St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1170 (10th Cir. 1995) (quoting *Kunkel*, 866 F.2d at 1276).  Here, the Court is not being asked to determine something independent of the possible judgments in this case, but instead something integral in deciding whether the case can even proceed.  The Court would prefer to give state courts a chance to interpret their own decisions in this area, particularly in light of the recent *Delgado* decision.

Another cause for the Court's concern is the likelihood that both the *Austin* and *McConnell* filings are attempts on behalf of Plaintiff to partake in the "race to res judicata."  Most troubling and indicative of this is the fact that the *Austin* case has been pending for over two years without a request for declaratory judgment until now, occurring in the second amended complaint of a different case.  Plaintiff claims that as *Austin* is currently stayed pending an interlocutory appeal, this may be the last chance to resolve the issue.  This delay in filing, however, does not convince the Court of the need to issue a declaratory judgment.

Plaintiff further claims that because the current action was the earliest declaratory judgment action filed that it should have priority in being heard.  Resp. at 4.  Even if a state action is filed later than the federal one, however, this does not preclude the Court from declining to exercise jurisdiction. *See Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 258 (4th Cir. 1996). In fact, in this case, only the state action for declaratory judgment was filed after the federal

6

complaint, while both pending state suits were filed earlier.[3]  Here, as not only a state court action is still pending for both cases, but also a motion for declaratory judgment on this very issue is pending in the *McConnell* case, the state court actions are deemed more appropriate.

The declaratory judgment action pending in *McConnell* gives rise to another factor, in that the state court now possesses a better and more effective remedy than this Court.  The Supreme Court has stated that a court should specifically consider whether the controversy "can be better settled in the proceeding pending in the state court." *Brillhart*, 316 U.S. at 495.  The state action for declaratory judgment in *McConnell*, and even the still pending proceeding in *Austin,* provide better and broader forums for resolving the disputes.  Not only will the state proceeding in question effectively resolve the state law issues presented, but a parallel motion for declaratory judgment, no matter when it was filed, is duplicitous of our action here.  Plaintiff appears to concur with our judgment as they have filed an answer to Defendants' state court motion for declaratory judgment.  *McConnell*, No. D-0101-CV-2005-00045, Answer to Third Party Compl.

As the Supreme Court has noted, although federal courts should usually adjudicate claims within their jurisdiction, this principle "yields to considerations of practicality and wise judicial administration." *Wilton*, 515 U.S. at 288.  Here, the same parties and claims are present in both the pending state proceedings and the declaratory action.  Further, an adjudication of the respective rights of the parties under the insurance policy in question will be decided in the state proceedings.  Therefore, the interests of judicial efficiency and practicality strongly suggest a dismissal.

---

[3]According to Defendants' Memorandum in Support of the Motion to Dismiss, letters raising the issue of the duty to defend were not sent until after both lawsuits were actually filed. Mem. at 1, n.1.

Wherefore,

**IT IS ORDERED** that Defendants' Motion to Dismiss (*Doc. 9*), filed June 23, 2005, is **granted.**

DATED October 5, 2005.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiff:

    Michael P. Clemens, Esq.
    Butt, Thornton & Baehr PC
    Albuquerque, New Mexico

Counsel for Defendants:

    Ron Morgan, Esq.
    Ed Macey, Esq.
    Morgan Law Office, Ltd.
    Albuquerque, New Mexico